UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                   :
                                            :       CONSENT PRELIMINARY ORDER
            - v. -                          :       OF FORFEITURE /
                                            :       MONEY JUDGMENT
JORDAN INGRAM,                              :
    a/k/a "Flow,"                           :       S3 20 Cr. 626 (PMH)
                                            :
            Defendant.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 8, 2021, JORDAN INGRAM a/k/a "Flow," (the "Defendant"), among others, was charged in six counts of a twenty-one count Sealed Superseding Indictment, S3 20 Cr. 626 (PMH) (the "Indictment"), with, *inter alia*, narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Thirteen);

WHEREAS, the Indictment included a forfeiture allegation as to Count Thirteen of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Thirteen of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Thirteen of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Thirteen of the Indictment that the defendants personally obtained;

WHEREAS, on or about January 26, 2022, the Defendant pled guilty to Count Thirteen of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Thirteen of the Indictment and agreed to forfeit to the United States, a sum of money equal to $30,300 which represents, with

respect to Count Thirteen of the Indictment, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds traceable to the offense charged in Count Thirteen of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $30,300 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Thirteen of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with her co-defendants, $28,000 of which the Defendant is jointly and severally liable with co-defendant Stephen Hugh's, a/k/a "Chino," ("Hugh") forfeiture money judgment entered against him in this case; and Dwight Reid, a/k/a "Dick Wolf," Christopher Erskine, a/k/a "Beagle," Walter Luster, a/k/a "Shells," Deshawn Thomas, a/k/a "Don," Naya Austin, a/k/a "Baby," Brandon Nieves, a/k/a "Untouchable Dot," Ahmed Walker, a/k/a "Ammo," Caswell Senior, a/k/a "Casanova," Donavan Gillard, a/k/a "Donnie Love," Jarrett Crisler, Jr., a/k/a "Jayecee," Brandon Soto, a/k/a "Stacks," Dezon Washington, a/k/a "Blakk Rob," Isaiah Santos, a/k/a "Zay," Roberta Sligh, a/k/a "Trouble," Brinae Thornton, a/k/a "Luxury," and Jamal Trent, a/k/a "Trap Smoke," (collectively, the "Co-defendants") to the extent a forfeiture money judgments are entered against the Co-defendants with respect to Count Thirteen of the Indictment in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Thirteen of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorney, David R. Felton of counsel, and the Defendant, and his counsel, James E. Neuman, Esq., that:

1. As a result of the offense charged in Count Thirteen of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $30,300 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Thirteen of the Indictment that the Defendant personally obtained, $28,000 of which the Defendant is jointly and severally liable with co-defendant Hugh's forfeiture money judgment entered against him in this case and the Co-defendants to the extent a forfeiture money judgments are entered against the Co-defendants with respect to Count Thirteen of the Indictment in this case.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JORDAN INGRAM a/k/a "Flow," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/SHL       3/1/22
DAVID R. FELTON                       DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2299


JORDAN INGRAM

By: _Jordan Ingram_____             3/1/22
JORDAN INGRAM                         DATE


By: _____            3/1/22
JAMES E. NEUMAN, ESQ.                 DATE
Attorney for Defendant
100 Lafayette Street, Suite 501
New York, NY 10013


SO ORDERED:

_____                3/1/22
HONORABLE PHILIP M. HALPERN           DATE
UNITED STATES DISTRICT JUDGE